# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ZAKARIA BENZAOUAL, | : |
| | : Case No. 2:19-cv-03366 |
| Plaintiff, | : |
| | : Chief Judge Algenon L. Marbley |
| v. | : |
| | : Magistrate Judge Kimberly A. Jolson |
| | : |
| OHIOHEALTH CORPORATION, | : |
| | : |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Zakaria Benzaoual's Motion for a Jury Trial (Doc. 19). For the reasons that follow, the Court **GRANTS** Plaintiff's Motion [#19].

### I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 38(b) requires a party to demand a jury trial on any triable issue in writing and "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b). Rule 38(d) provides that "[a] party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d). Rule 39(b), however, provides: "Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). A trial court has "broad discretion" in ruling on a Rule 39(b) motion. *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 207 (6th Cir. 1990) (quoting *Kitchen v. Chippewa Valley Schools*, 825 F.2d 1004, 1013 (6th Cir. 1987)). The Sixth Circuit instructs that courts should "lean in favor" of granting a Rule 39(b) motion absent "strong[,] compelling reasons to the contrary." *Anderson v. URS Energy & Constr., Inc.*, No. 3:14-CV-02291, 2016

1

WL 3365786, at *3 (M.D. Tenn. June 17, 2016) (citing *Kitchen,* 825 F.2d at 1013). Prejudice to the nonmoving party may amount to a compelling reason to deny a Rule 39(b) motion. *See Perez v. Cathedral Buffet, Inc.*, No. 5:15-CV-1577, 2016 WL 4468111, at *2 (N.D. Ohio Aug. 24, 2016) (explaining that "evidence that the opposing party would have prepared its case differently had it known that a jury trial might ensue" constitutes a compelling reason to deny a Rule 39(b) motion). But if the nonmovant fails to show prejudice, the Court may grant a Rule 39(b) motion within its discretion. *See Moody*, 915 F.2d at 207–08; *see also Mall v. Merlo*, No. 2:18-CV-430, 2019 WL 2521165, at *3 (S.D. Ohio June 19, 2019).

## II. ANALYSIS

Plaintiff, who is proceeding pro se, failed to indicate in his Complaint that he would like to proceed in this employment discrimination action via jury trial. Plaintiff filed his Complaint on August 5, 2019 but did not file this Motion for a Jury Trial until May 26, 2020.

Citing to *Mall v. Merlo*, Defendant argues that, although Plaintiff filed his Complaint pro se and therefore may be entitled to more leniency, requesting a jury trial at this late of a juncture is inexcusable. *See* 2019 WL 2521165, at *3 (S.D. Ohio June 19, 2019) (granting pro se motion for a jury trial that was filed 38 days after deadline). The key consideration in *Mall*, however, was that the defendants were not prejudiced by plaintiff's late filing. *See id.* ("[T]he litigation is still in the relatively early stages and none of the Defendants have identified any prejudice they would suffer if the jury demand were allowed."). Similarly, here, Defendant fails to demonstrate how granting Plaintiff's Motion would result in prejudice. Indeed, this case is still in its early stages, as there have been no dispositive motions filed or dispositive rulings rendered. Accordingly, the Court **GRANTS** Plaintiff's Motion. *See Moody,* 915 F.2d at 207 ("[T]he court's discretion should be exercised in favor of granting a jury trial where there are no compelling reasons to the contrary.").

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for a Jury Trial [#19].

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: September 28, 2020**